## Hoagland *v.* Hoagland, Appellant.

Argued December 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Robert Trucksess,* for appellant.

*Thomas Hallman,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This is an action of divorce, the grounds alleged being cruel and barbarous treatment endangering the life of the appellant and offering such indignities to the person as to render her condition intolerable and her life burdensome.

There is evidence to show that the respondent called the libellant obscene and abusive names and threatened to kill her. This was testified to by libellant and corroborated by a disinterested witness. There was evidence that the respondent seized the libellant by the neck and threw her over the bath tub and choked her until she was blue in the face and that he inflicted bruises upon her. This also is supported by corroborative testimony.

The respondent, during the entire married life of these people, was addicted to the use of liquor and became increasingly subject to intoxication during the year or more prior to the final separation and during these periods, he became very quarrelsome.

Libellant testified that her husband had at many times threatened to kill her and that he had even hit her and had called her names. Although this is uncorroborated, the fact that the violent attack made on her when she was in the bath room is amply corroborated, lends credence to her narrative as to his having hit her before that time. This bath room incident which furnished the most convincing evidence of extreme cruelty was not as to some details of violence contradicted by the respondent and his version of the affair is more in the nature of a plea of confession and avoidance than a direct denial. There was an aggravation of the physical violence by the fact that the libellant was unjustly accused of having bestowed her affections upon a male friend.

I think the summary with which the learned judge concludes his opinion demonstrates that there was no

error made in granting the divorce. We quote: ''From the evidence we are warranted in finding as a fact that the respondent over a period of some months prior to the final separation, on several occasions struck the libellant; that on one occasion in September, 1927, he choked her till she was blue in the face and threw her down stairs; that the respondent in the presence of third parties falsely accused the libellant of infidelity; called her obscene names and during periods of intoxication threatened to kill the libellant. Certainly such actions under all the circumstances of the case constituted such a course of treatment as to render the condition of the libellant intolerable and her life burdensome. Upon such testimony we feel that the master must be sustained in his finding of fact and conclusion of law that the respondent offered such indignities to the person of the libellant as to render her condition intolerable and life burdensome.''

The decree is affirmed; appellant to pay the costs.